# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: I.W. and K.W.

No. 15-1090 (Roane County 15-JA-20 & 15-JA-21)

## MEMORANDUM DECISION

Petitioner Mother S.K., by counsel D. Kyle Moore, appeals the Circuit Court of Roane County's October 13, 2015, order terminating her parental rights to I.W. and K.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Anita Harold Ashley, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that imminent danger existed to remove the children and in terminating her parental rights without granting her a post-adjudicatory improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, the DHHR filed an abuse and neglect petition against the parents and alleged that they failed to properly supervise the children, two-year-old I.W. and three-year-old K.W. Specifically, the petition alleged that petitioner left the children with inappropriate caregivers, including her mentally ill and violent cousin, and that the children were repeatedly found in and along the roadway unsupervised. According to the petition, on at least one occasion, police responded to reports of the children playing in the roadway and brought the children back to the home. The petition also alleged that on one occasion, K.W. consumed medication and was taken to the emergency room for treatment. Further, the petition alleged that the father failed to supervise the children by virtue of his incarceration for attempt to commit wanton endangerment with a firearm. According to the DHHR, petitioner was the victim of the father's crime.

That same month, the circuit court held a preliminary hearing, during which petitioner denied leaving her children unattended. According to petitioner, she believed someone was

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

watching her children during the incident in which police responded to reports of the children playing unattended. Further, although she denied leaving the children with inappropriate caregivers, petitioner admitted that she left her children with her violent, mentally ill cousin and that she could not remember the last name of her babysitter. A local police officer also testified at the preliminary hearing and indicated that he responded to the call about petitioner's children. Upon investigation, the officer found the children playing alone along the roadway while petitioner slept in the home. According to the officer, the children were in danger, which is why he referred the matter to Child Protective Services ("CPS"). A neighbor also testified that she had seen the children playing alone near the roadway and crossing the road on several occasions in the preceding weeks. The circuit court found imminent danger to the children and continued custody with the DHHR.

In June of 2015, the circuit court held an adjudicatory hearing, during which petitioner stipulated to neglect by leaving the children with inappropriate caregivers and her failure to supervise them. The following month, petitioner filed a motion for a post-adjudicatory improvement period. In August and September of 2015, the circuit court held hearings to address petitioner's outstanding motion and disposition. During the hearings, petitioner testified that she had not visited the children during the pendency of the proceedings because she was required to comply with drug screening in order to attend visitation. According to petitioner, she failed to comply with drug screening for several reasons, including forgetfulness, oversleeping, and other conflicting appointments. During the proceedings, petitioner submitted to only two drug screens, one of which was positive for methamphetamine, amphetamine, and opiates. The circuit court also heard testimony from a DHHR employee who stated that petitioner failed to participate in any services offered below. According to the employee, petitioner essentially abandoned the case. Petitioner did submit to a psychological and parental fitness evaluation, but the conclusion was that petitioner was unlikely to properly parent the children. At the conclusion of the hearing, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights to the children. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

Specifically, the Court finds no error in the circuit court finding that imminent danger to the children existed at the time they were removed from the home. Pursuant to West Virginia Code § 49-6-3(a),

> [u]pon the filing of a petition, the court may order that the child alleged to be an abused or neglected child be delivered . . . into the custody of the [DHHR] . . . if it finds that . . . [t]here exists imminent danger to the physical well being of the child; and . . . [t]here are no reasonably available alternatives to removal of the child . . . .

In this case, the circuit court specifically found that imminent danger to the children existed because petitioner engaged in a pattern of failing to provide the children with necessary supervision. This was evidenced by testimony that established that the children were seen, on multiple occasions, on or around the roadway outside the home. The circuit court also noted that because of their ages, two and three years old, respectively, the children were "unable to protect themselves." On appeal, petitioner argues that the circuit court erred in finding imminent danger existed because "[t]he evidence did not show that the children were constantly playing in this road." This argument only underscores petitioner's failure to grasp the danger presented by letting children of such young age play on or near a road with no supervision, and supports the fact that there were no reasonable alternatives to the children's removal from the home.

Moreover, petitioner testified at the preliminary hearing that when she did arrange for supervision for her children, she allowed her cousin to watch them. Petitioner went on to testify to her cousin's issues with mental illness, including bipolar disorder and schizophrenia, and his criminal background, including a conviction for animal cruelty stemming from an incident in which he mutilated an animal. While petitioner alleged that she never left the children alone with her cousin, she also testified that she had no way to corroborate that her cousin was never left alone with them. Further, despite her knowledge of her cousin's mental health issues and criminal history, petitioner testified that she believed her children were safe when in this individual's care. Again, this evidence shows that petitioner failed to grasp how her actions endangered her children and therefore necessitated their removal from her home due to imminent danger to their wellbeing. For these reasons, the Court finds no error in this regard.

Finally, the Court finds no error in the circuit court proceeding to termination without granting petitioner a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . ." The record is clear that petitioner failed to satisfy this burden. On appeal, petitioner admits that she had not participated in any services prior to the dispositional hearings, but goes on to allege that she took her own steps to attempt to remedy the issues of abuse and neglect in the home. According to petitioner, she was entitled to a post-adjudicatory improvement period because she sought treatment and counseling for her mental health issues without the DHHR's assistance. The Court, however, does not agree.

3

As noted above, petitioner failed to participate in any services prior to the dispositional hearing. In fact, a DHHR employee testified that petitioner essentially abandoned the case due to her lack of cooperation. This included visitation with the children, whom, according to the record, petitioner did not see during the entire pendency of the proceedings below. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90, n. 14, 479 S.E.2d 600, n. 14 (1996)(citing *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 228 and 237, 470 S.E.2d 177, 182 and 191 (1996); *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Based upon petitioner's total lack of compliance with services offered below, we find no error in the circuit court denying petitioner's motion for a post-adjudicatory improvement period.

Moreover, we have held as follows:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.* at 91, 717 S.E.2d at 875, Syl. Pt. 4. As such, we find no error in the circuit court proceeding to termination of petitioner's parental rights without first granting her an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 13, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II